UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| WAYLEN BLOCK, | Case No. 23-CV-0127 (JRT/JFD) |
| Plaintiff, | |
| v. | ORDER AND REPORT AND RECOMMENDATION |
| UNITED STATES GOVERNMENT; BUREAU OF PRISONS; WARDEN J FIKES; ACTING WARDEN; ACTING ASSOCIATE WARDEN'S 1, 2, 3; MR. LOEW, *Plaintiff's Councilor*; MR. KRISTOFFERSON, *Plaintiff's Case Manager*; ACTING UNIT MANAGER FOR PLAINTIFF; OFFICER WEBER, *SIS Officer*; ACTING MEDICAL DIRECTOR FOR PLAINTIFF; J SOUTHWICK PA-C, *Plaintiff's Care Provider*; MR. LOEW JR, *Transit Officer for FCI Sandstone*; MR SAUSTEC, *Transit Officer for FCI Sandstone*; MR WHITE, *Transit Officer for FCI Sandstone*; and ACTING CAPTAIN FOR FCI SANDSTONE; | |
| Defendants.[1] | |

**IT IS HEREBY ORDERED THAT:**

1. The application to proceed *in forma pauperis* of Plaintiff Waylen Block (Dkt. No. 2) is **GRANTED**.

2. Mr. Block must submit a properly completed Marshal Service Form (Form USM-285) for Defendants "Bureau of Prisons," "Mr. Loew, Plaintiff's Councilor"; "Mr.

---

[1] The Court gleaned this list of defendants from Mr. Block's Amended Complaint (Dkt. No. 10) and the enclosed "List for Summons" (Dkt. No. 10-1).

Kristofferson, Plaintiff's Case Manager"; "Officer Weber, SIS Officer"; "J Southwic PA-C, Plaintiff's Care Provider"; "Mr. Loew Jr, Transit Officer for FCI Sandstone"; "Mr Saustec, Transit Officer for FCI Sandstone"; and "Mr White, Transit Officer for FCI Sandstone."[2] If Mr. Block does not complete and return the Marshal Service Forms within **30 days** of this Order's date, the Court will recommend dismissing this action without prejudice for failure to prosecute. The Court will provide Mr. Block with Marshal Service Forms.

3. The U.S. Marshals Service is directed to effect service of process on Defendant United States consistent with Rule 4(i)(1) of the Federal Rules of Civil Procedure.

4. Following receipt of the Marshal Service Forms from Mr. Block, the U.S. Marshals Service is directed to effect service of process on Defendant "Bureau of Prisons" consistent with Rule 4(i)(2) of the Federal Rules of Civil Procedure.

5. Following receipt of the Marshal Service Forms from Mr. Block, the U.S. Marshals Service is also directed to effect service of process on Defendants "Mr. Loew, Plaintiff's Councilor"; "Mr. Kristofferson, Plaintiff's Case Manager"; "Officer Weber, SIS Officer"; "J Southwic PA-C, Plaintiff's Care Provider"; "Mr. Loew Jr, Transit Officer for FCI Sandstone"; "Mr Saustec, Transit Officer for FCI Sandstone"; and "Mr White, Transit

---

[2] Because Mr. Block does not identify specific individuals, the Court is treating the Plaintiffs noted as "Acting Warden," "Acting Associate Warden's 1, 2, 3," "Acting Unit Manager for Plaintiff," "Acting Medical Director for Plaintiff," and "Acting Captain for FCI Sandstone," as John/Jane Doe defendants for now. The United States Marshal's Service cannot feasibly serve process on such unnamed litigants.

Officer for FCI Sandstone"—all in their individual capacities—consistent with Rule 4(e) of the Federal Rules of Civil Procedure.

6. Mr. Block's two motions for the appointment of counsel (Dkt. Nos. 3, 12) are both **DENIED** (without prejudice to him filing another motion as the case proceeds). There is no constitutional or statutory right to appointed counsel in civil litigation. *See, e.g.*, *Crozier for A.C. v. Westside Cmty. Sch. Dist.*, 973 F.3d 882, 889 (8th Cir. 2020) (quoting *Davis v. Scott*, 94 F.3d 444, 447 (8th Cir. 1996). Whether to appoint counsel in a civil proceeding like this is a decision "committed to the discretion of the trial court." *McCall v. Benson*, 114 F.3d 754, 756 (8th Cir. 1997) (citing cases). Factors to consider include "(1) the factual complexity of the issues; (2) the ability of the indigent person to investigate the facts; (3) the existence of conflicting testimony; (4) the ability [of the] indigent person to present the claims; and (5) the complexity of the legal arguments." *Crozier*, 973 F.3d at 889 (citing cases).

At the present time, the Court has no reason to believe that this action is particularly complex, either factually or legally. Nor, given the subject matter, is there much reason to doubt that Mr. Block can adequately investigate the relevant facts (at least for present purposes). Furthermore, the Court believes that Mr. Block has been able to express his positions and allegations. Finally, at this proceeding's early stage of the proceeding, there is no reason to believe that conflicting testimony will present any difficulties. The *Crozier* factors, then, counsel in favor of denying Mr. Block's requests for counsel.

Furthermore, **IT IS HEREBY RECOMMENDED THAT** Mr. Block's motion for injunctive relief (Dkt. No. 11) be **DENIED**. The motion asks the Court to require that

"prison [officials] open all correspondence with the Clerk of Courts in [Mr. Black's] presence as legal mail or have the Clerk of Court identify a particular person as sender." (*Id.* at 1.) The Court construes this as a request for a preliminary injunction. While there are several problems here, a threshold dispositive issue is that a court "may issue a preliminary injunction only on notice to the adverse party," *see* Fed. R. Civ. P. 65(a)(1), and here there is no indication that any Defendants have notice of Mr. Block's motion.[3]

Dated: May 11, 2023                               _s/ John F. Docherty_____
                                                  JOHN F. DOCHERTY
                                                  United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).

---

[3] To the extent that Mr. Block construes his motion as one for a temporary restraining order ("TRO"), the Court would still recommend denying the motion. Under Federal Rule of Civil Procedure 65(b)(1), a court can issue a TRO without "notice to the adverse party or its attorney" only if the movant satisfies certain procedural requirements. Those plainly have not been met here. Furthermore, the Court notes that, putting aside these procedural issues, Mr. Block's motion fails to provide any serious analysis of the so-called *Dataphase* factors relevant to justifying the need for a preliminary injunction or TRO. *See, e.g.*, *Dataphase Sys., Inc. v. C L Sys., Inc.*, 640 F.2d 109, 113 (8th Cir. 1981) (en banc) (listing factors).