# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Waylen Block, | Case No. 23-CV-0127 (JRT/JFD) |
| Plaintiff, | |
| v. | |
| J. Fikes; Mr. Loew; Mr. Kristofferson; Officer Weber; J. Southwic; Mr. Loew, Jr.; Mr. Saustec; Mr. White; and United States Government, | |
| Defendants. | |
| Waylen Block, | Case No. 23-CV-2873 (JRT/JFD) |
| Plaintiff, | |
| v. | |
| United States, | |
| Defendant. | |

**ORDER**

These matters are before the Court on Plaintiff Waylen Block's identical motions to consolidate filed in No. 23-CV-0127 (Dkt. No. 45) and No. 23-CV-2873 (Dkt. No. 3). For the following reasons, the Court grants these motions (as discussed below) and also takes some other actions to expedite briefing of Block's purported claims under the Federal Tort Claims Act ("FTCA").

Mr. Block filed the original complaint in No. 23-CV-0127 in January 2023, and filed that action's amended complaint in April 2023. (*See* No. 23-CV-0127 Dkt. No. 10)

As relevant here, the amended complaint purports to bring constitutional claims against that action's defendants. (*See* No. 23-CV-0127 Dkt. 10 at 2, 10–11.[1]) After resolution of some service issues, Defendants in No. 23-CV-0127 filed a motion to dismiss on November 14, 2023. (*See, e.g.*, No. 23-CV-0127 Dkt. 53.) Under this Court's current briefing order, Mr. Block's response to that motion was due today. (*See* No. 23-CV-0127 Dkt. 64 at 1.) Instead, Mr. Block filed a motion for a 45-day extension of time to reply to Defendant's motion to dismiss. (No. 23-CV-127, Dkt. No. 70.)

While the service issues were being resolved, Mr. Block filed his complaint in No. 23-CV-2873 and filed the motion to consolidate in both cases. For the complaint, two points are key for present purposes. First, the complaint in No. 23-CV-2873 alleges FTCA claims, not constitutional claims. (*See, e.g.*, No. 23-CV-2873 Dkt. 1 at 1; No. 23-CV-2873 Dkt. 1-4 at 1.) Second, the factual allegations in that complaint are essentially identical to those in the complaint in No. 23-CV-0127. (*Compare* No. 23-CV-0127 Dkt. 10 at 4–9 *with* No. 23-CV-2873 Dkt. 1-2 at 1–6.) As for the motions to consolidate, both simply ask the court to consolidate Mr. Block's newer action with his older one. (*See* 23-CV-0127 Dkt. 45 at 1; 23-CV-2873 Dkt. 3 at 1.)

Under Rule 42(a) of the Federal Rules of Civil Procedure, "[i]f actions before the court involve a common question of law or fact, the court may . . . (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any

---

[1] Citations to filed materials use the page numbers provided by the District's CM/ECF filing system.

2

other orders to avoid unnecessary cost or delay." A leading civil-procedure treatise notes different meanings of the term "consolidation"; the one most relevant here is "[w]hen several actions are combined into one, lose their separate identity, and become a single action in which a single judgment is rendered." 9A Arthur R. Miller, Federal Practice and Procedure § 2382 (3d ed.), Westlaw (updated April 2023); *see also id.* ("An illustration of this is the situation in which several actions are pending between the same parties stating claims that might have been set out originally as separate counts in one complaint.").

"District courts enjoy substantial discretion in deciding whether and to what extent to consolidate cases." *Hall v. Hall*, 138 S. Ct. 1118, 1131 (2018); *see also, e.g.*, *Jackson v. Schnell*, No. 22-CV-3074 (KMM/TNL), 2023 WL 2717370, at *3 (D. Minn. Mar. 30, 2023) (quoting *Hall*). Courts applying Rule 42(a) consider several factors, including "[w]hether the specific risks of prejudice and possible confusion [are] overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on parties, witnesses and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives." *United States v. Pfeiffer*, No. 19-CV-3132 (WMW-KMM), 2020 WL 8474717, at *1 (D. Minn. Oct. 29, 2020) (quoting *Chill v. Green Tree Fin. Corp.*, 181 F.R.D. 398, 405 (D. Minn. 1998)) (second brackets in *Pfeiffer*).

Considering these factors, and the complaints' clear factual overlap, the Court will consolidate No. 23-CV-0127 and No. 23-CV-2873.[2] In the Court's view, what Mr. Block wants to do with the new action and consolidation requests is ensure that the Court considers any potential FTCA claims arising from the two actions' common facts. (Recall that the first complaint specifically raised only constitutional claims and did not cite the FTCA.) The Court sees no reason not to simplify both actions' administration through consolidation. The Court will therefore order that No. 23-CV-0127 and No. 23-CV-2873 be consolidated into a single action (proceeding as No. 23-CV-0127). In the Court's view, the amended complaint in No. 23-CV-0127 can remain in place; what needs to happen to reflect the needed "consolidation" is simply to keep in mind, going forward, that Mr. Block means for the amended complaint to press one or more FTCA claims in addition to any constitutional claims already asserted.

This leaves the question of next steps, given that No. 23-CV-0127 is in the middle of briefing over Defendants' motion to dismiss. The simplest course of action, in this Court's view, is to (1) postpone Mr. Block's deadline for responding to the current motion to dismiss, which he has requested anyway, and (2) order the Defendants in No. 23-CV-0127 to supplement their Motion to Dismiss by providing their position on Mr. Block's

---

[2] Defendants in No. 23-CV-0127 have indicated that they "take[] no position" on the motion to consolidate. (No. 23-CV-0127 Dkt. 46 at 1.) These Defendants include the "United States Government," a defendant named in No. 23-CV-0127 that is presumably the same entity that Mr. Block refers to as simply "United States" in No. 23-CV-2873.

4

proposed FTCA claims. To provide for this, the Court will vacate the operative briefing order in No. 23-CV-0127 and establish instead the following deadlines.

- Defendants' supplemental brief concerning Mr. Block's asserted FTCA claims must be filed no later than December 29, 2023.

- Mr. Block's responsive memorandum (or memoranda) to Defendants' original motion to dismiss and Defendants' supplement—as well as any supporting documents that Mr. Block elects to provide—must be filed no later than January 26, 2024.

- Defendants' respective reply memorandum must be filed no later than 14 days after the date on which Mr. Block files his responsive memorandum (or memoranda).

## ORDER

Based upon the foregoing, and on all of the files, records, and proceedings herein,

**IT IS HEREBY ORDERED** that:

1. Plaintiff Waylen Block's motions to consolidate (No. 23-CV-0127 Dkt. No. 45 and No. 23-CV-2873 Dkt. No. 3) are **GRANTED** as discussed in this Order. No. 23-CV-0127 and No. 23-CV-2873 are consolidated for pretrial and trial purposes.

2. To give full effect to this consolidation of related proceedings, the Court further orders that:

    a. The first-filed case in this District, No. 23-CV-0127, shall serve as the lead case of these consolidated matters.

    b. All future filings for these related proceedings shall be filed in the lead case. The Court directs the Clerk of Court to refile the Complaint in No. 23-CV-2873 (Dkt. No. 1) in the lead case. No other previous filings in No. 23-CV-2873 need to be refiled in No. 23-CV-0127. No filings should be docketed in No. 23-CV-2873.

    c. The Clerk of Court is directed to administratively close No. 23-CV-2873 (JRT/JFD).

3.     The Court's Briefing Order in No. 23-CV-0127 (Dkt. 64) is **VACATED**, and replaced by the briefing deadlines described above.

4.     Mr. Block's Motion to Compel (Dkt. No. 34) a response from Defendants is **DENIED** because Defendants timely filed their Motion to Dismiss. (*See* Dkt. Nos. 31, 53.)

5.     Mr. Block's Motions to Reconsider Appointment of Counsel (Dkt. No. 37, 68) are **DENIED** (without prejudice to him filing another motion as the case proceeds). While the case is more procedurally complicated than it was when this Court last considered Mr. Block's Motion to Appoint Counsel (Dkt. No. 12), the Court expects this Order to provide a simple path forward for the consolidated actions. The Court is sympathetic to Mr. Block's claim that his visual disability "slows down all aspects of legal work required to prepare for the case." (Dkt. No. 68.) Nevertheless, Mr. Block has been able to present his positions and allegations clearly. The *Crozier* factors do not—at this time—weigh in favor of granting Mr. Block's request for counsel 973 F.3d 882, 889 (8th Cir. 2020).

6.     Mr. Block's Motion to Amend the Amended Complaint (Dkt. No. 69) is **DENIED** without prejudice. Mr. Block's motion does not comply with District of Minnesota Local Rules 7.1 and 15.1. Mr. Block has not filed a meet and confer statement, a memorandum of law, or a proposed amended complaint. The Court will consider any motion Mr. Block files that complies with the Local Rules.[3]

7.     Mr. Block's Motion to Extend Deadline to Reply (Dkt. No. 70) is **DENIED** as moot.

---

[3] In this case only, Mr. Block is not required to submit a version of the amended complaint that shows changes to the pleading using "redlining, underlining, strikeouts," etc. A copy of the proposed amended pleading will suffice. *See* D. Minn. LR 15.1(b)(1)–(2).

8. Mr. Block's Motion to Correct Filing Error in No. 23-CV-2873 (Dkt. No. 7) is **DENIED** as moot. As explained above, the Court already construes Mr. Block's complaint as alleging FTCA claims.

Dated: December 5, 2023                     ___*s/ John F. Docherty*_____
                                                        JOHN F. DOCHERTY
                                                        United States Magistrate Judge