# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

---

WAYLEN BLOCK,

Plaintiff,

v.

UNITED STATES GOVERNMENT;
BUREAU OF PRISONS; WARDEN J FIKES;
ACTING WARDEN; ACTING ASSOCIATE
WARDEN'S 1, 2, 3; MR. LOEW, *Plaintiff's
Councilor*; MR. KRISTOFFERSON, *Plaintiff's
Case Manager*; ACTING UNIT MANAGER
FOR PLAINTIFF; OFFICER WEBER, *SIS
Officer*; ACTING MEDICAL DIRECTOR
FOR PLAINTIFF; J SOUTHWIC PA-C,
*Plaintiff's Care Provider*; MR. LOEW JR,
*Transit Officer for FCI Sandstone*; MR
SAUSTEC, *Transit Officer for FCI Sandstone*;
MR WHITE, *Transit Officer for FCI
Sandstone*; and ACTING CAPTAIN FOR FCI
SANDSTONE;

Defendants.

Case No. 23-CV-0127 (JRT/JFD)

**ORDER DENYING MOTION
FOR PERMISSION TO ENGAGE
IN DISCOVERY**

---

This matter is before the Court on Mr. Block's Motion for Permission to Engage in Discovery. (Dkt. No. 35.) Mr. Block is a pro se litigant suing the Bureau of Prisons (BOP). (Compl. ¶¶ 71–73, Dkt. No. 1-1; Order 2, Dkt. No. 72.) In this Motion, he seeks a copy of his medical records. (Pl.'s Mot. for Permission to Engage in Disc. 1, Dkt. No. 35.) Because there is a pending Motion to Dismiss (Dkt. No. 53), Mr. Block's Motion is premature, and the Court denies it.

An exhibit attached to the Motion shows that on August 9, 2023 Mr. Block requested all of his medical records "including all retinal scans and charts," "notes from all institutions and contractors," "all dialysis records from the contractor at FMC Sandstone," records from prison hospitals, and records from the eye and kidney specialists he visited. (Ex. A at 2, Dkt. No. 36.) Mr. Block requested that the BOP produce these records to him electronically, so that he could view them on "the approved terminal in the Education departments." (*Id.*) BOP Health Services responded that it had received his request and that it would print his medical records for him, but that it would cost around $90. (*Id.* at 3.) His records had to be printed, they said, because inmates are not entitled to a digital copy of their medical records before release. (*Id.*) Mr. Block responded that he needed these materials for this lawsuit. (*Id.*) Health Services responded: "We are not denying your request for access to your medical records." (*Id.*) They advised Mr. Block that he would be on "call out" that week so he could discuss arranging payment for his records. (*Id.*) Mr. Block replied, saying that he already had paper copies of most of his BOP medical records, what he really needed were copies of what was missing from that collection: records from prison contractors, all his retinal scans in color, and his dialysis records from FMC Sandstone. Mr. Block now moves to begin discovery so that he can obtain this evidence. (Pl.'s Mot. 1.)

The BOP opposes the motion because, at the time the motion was filed, not all Defendants had answered. (Resp. to Mots. 1, Dkt. No. 41.) Some Defendants were considering filing motions to dismiss instead of answering, so the BOP argued that "allowing discovery before the answer deadline would impose an undue burden on

2

Defendants and be inefficient given the circumstances of the case." (*Id.*) All named Defendants have now been served and have moved to dismiss. (*See* Defs.' Mem. in Supp. Mot. Dismiss, Dkt. No. 55; Defs.' Suppl. Mem. in Supp. of Mot. to Dismiss, Dkt. No. 74.)

Under Federal Rule 26(d), a party cannot seek discovery from anyone before the parties have conferred pursuant to Rule 26(f). But a case like this one, "brought without an attorney by a person in the custody of the United States" is not subject to this rule. Fed. R. Civ. P. 26(d) (citing Fed. R. Civ. P. 26(a)(1)(B)). The timing of discovery is governed by the case's scheduling order. *See* Fed. R. Civ. P. 16(b)(3). But the Court finds that Defendants' Motion to Dismiss provides good cause to delay issuing the scheduling order because if the case is resolved on a motion to dismiss, any discovery done prior to dismissal will be wasted effort. The Court will decide[1] the Motion to Dismiss and issue a Report and Recommendation to the presiding judge in due course. If Mr. Block's case survives the Motion to Dismiss, the Court will evaluate whether a pretrial conference is necessary and will issue a scheduling order that includes deadlines for exchanging discovery. At that time,

---

[1] Note that in ruling on the Motion to Dismiss in this consolidated action, the Court will consider only the operative complaints, those records which are necessarily embraced within them, and the parties' legal arguments. *Rossi v. Arch Ins. Co.*, 60 F.4th 1189, 1193 (8th Cir. 2023). The Court will decide whether it has jurisdiction over Mr. Block's claims and, if so, whether Mr. Block has adequately pleaded claims that would entitle him to relief. In deciding whether Mr. Block has "stated a claim that is plausible on its face", the Court will take all facts pleaded in the complaints as true and make all reasonable inferences in his favor. *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594–95 (8th Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Mr. Block does not need to make any additional submissions for the Court to rule on the Motion to Dismiss, because the Court's focus must be on the complaints. Mr. Block's medical records are not yet necessary for him to pursue his claims.

Mr. Block may make any request for discovery that complies with that order and the Federal Rules of Civil Procedure.

Therefore, **IT IS HEREBY ORDERED** that Mr. Block's Motion for Permission to Engage in Discovery (Dkt. No. 35) is **DENIED WITHOUT PREJUDICE** as premature.

Date: February 9, 2024                    *s/ John F. Docherty*
                                          JOHN F. DOCHERTY
                                          United States Magistrate Judge