UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

WAYLEN BLOCK,

                      Plaintiff,

v.

J. FIKES, *as Warden of FCI Sandstone in official capacity*; MR. LOEW, *as acting councilor for FCI Sandstone in official and individual capacity*; MR. KRISTOFFERSON, *as acting Case Manager for FCI Sandstone in official and individual capacity*; OFFICER WEBER, *as acting SIS Officer for FCI Sandstone in official and individual capacity*; J. SOUTHWIC, *as acting medical care provider at FCI Sandstone in official and individual capacity*; MR. LOEW, JR., *as correctional and transit officer for FCI Sandstone in official and individual capacity*; MR. SAUSTEC, *as correctional and transit officer for FCI Sandstone in official and individual capacity*; MR. WHITE, *as correctional and transit officer for FCI Sandstone in official and individual capacity*; UNITED STATES GOVERNMENT; BUREAU OF PRISONS, *official capacity*; ACTING ASSOCIATE WARDEN(S), *at FCI Sandstone in official and individual capacity*; JOHN/JANE DOES, *as acting Unit Manager, Medical Director, Medical Provider, CB-AO502 forms evaluators, and Captain at FCI Sandstone in official and individual capacities*,

                      Defendants.

Civil No. 23-127 (JRT/JFD)

**MEMORANDUM OPINION AND ORDER ADOPTING IN PART AND REJECTING IN PART THE REPORT AND RECOMMENDATION**

Waylen Block, Reg. No. 17028-273, FMC Devens, Federal Medical Center, P.O. Box 879, Ayer, MA 01432, *pro se* Plaintiff.

David W. Fuller, **UNITED STATES ATTORNEY'S OFFICE**, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415, for Defendants.

Plaintiff Waylen Block, who is currently incarcerated, filed a complaint against various prison officials and the United States (collectively "Defendants") alleging civil rights violations under 42 U.S.C. § 1983, *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971), and the Federal Tort Claims Act ("FTCA"). Magistrate Judge John F. Docherty filed a report and recommendation ("R&R") recommending dismissal of all the claims except the FTCA claim. Block and the Defendants filed objections to the R&R. The Magistrate Judge correctly indicated that § 1983 claims can only be lodged against state officials and that Block has not alleged a recognized *Bivens* action. The Court finds that Block's FTCA claim may have merit but requires clarification. Thus, the Court will grant Defendants' motion to dismiss, dismissing the § 1983 and *Bivens* claims with prejudice but dismissing the FTCA claim without prejudice. The Court will grant Block leave to amend the FTCA claim and refer him to the Pro Se Project for possible appointment of counsel in doing so. Accordingly, the Court will overrule Block's objections, sustain the Defendants' objections, and adopt in part and reject in part the R&R.

**BACKGROUND**

**I.   FACTS**

The R&R provides an extensive factual background, and both parties largely agree with those facts, so the Court incorporates the R&R by reference. (*See* R. & R. at 1–5, July 9, 2024, Docket No. 79.) Block does raise one objection to the factual background, taking issue with the Magistrate Judge's characterization that overcrowding caused Block's kidney failure. (Pl.'s Obj. at 2, Aug. 12, 2024, Docket No. 83.) Block states that the overcrowding of inmates did not itself contribute to his kidney disease but rather exposed him to COVID-19, which then contributed to his kidney disease. (*Id.*) This distinction does not change the outcome.

The Court will briefly summarize the factual history relevant to Block's and the Defendants' substantive objections. Block's allegations begin with the conditions at the Federal Correctional Institution in Sandstone, Minnesota ("FCI Sandstone") during the COVID-19 pandemic which he claims contributed to the decline in his health. (Consol. Compl., Ex. B ¶¶ 14–15, Sept. 18, 2023, Docket No. 73.)

In February 2021, Block was admitted to the local hospital in Sandstone, Minnesota for treatment of his kidney disease. (*Id.* ¶ 18.) At the same time, his eye condition was deteriorating. (*Id.* ¶ 19.) Unable to adequately treat him, the hospital transferred him to St. Mary's Medical Center in Duluth, Minnesota. (*Id.* ¶¶ 20–21.) At St. Mary's, the providers inserted a heart catheter in Block's chest for dialysis treatment. (*Id.* ¶ 22.)

Later that day, Block returned to FCI Sandstone, where he was placed in a Special Housing Unit ("SHU"). (*Id.* ¶ 23.) Block alleges that he did not receive a proper meal or medication until lunch the next day. (*Id.* ¶¶ 24–25.) Block further claims that the SHU ignored his vision problems because they determined that Block's kidney issues were more pressing. (*Id.* ¶ 27.)

FCI Sandstone transported Block to a medical facility three times a week for dialysis. (*Id.* ¶ 29.) Save for one dialysis treatment, Block remained in wrist restraints throughout the medical trips. (*Id.* ¶¶ 29, 34.) Block made repeated requests to remove the restraints during his treatment because they were uncomfortable and caused high blood pressure, severe headaches, and nausea, but these requests were repeatedly denied. (*Id.* ¶¶ 30–33.)

In March 2021, Block was transferred to the Federal Medical Center in Devens, Massachusetts ("FMC Devens"). (*Id.* ¶ 35.) There, Block alleges that he was instructed not to shower because of his catheter but that he lacked the necessary items to sponge bathe, that staff refused to change the bandages on his catheter, and that staff removed his catheter and stopped dialysis treatments without consulting his physician. (*Id.* ¶¶ 36–39.) Block filed grievances to address these healthcare issues, but he claims that, in response, the staff at FMC Devens retaliated against him. (*Id.* ¶¶ 40–44.)

When FMC Devens addressed Block's worsening vision symptoms, he was sent to an ophthalmologist who prescribed regular intravitreal injections. (*Id.* ¶ 45.) Despite his

-4-

provider recommending injections every four to six weeks, Block alleges that his injection appointments were regularly delayed by weeks and months. (*Id.* ¶¶ 45–46.) Block and his family filed grievances noting that the delays were causing Block irreversible vision damage. (*Id.* ¶¶ 48–50.)

Block was then transferred to the Metropolitan Detention Center in Brooklyn, New York ("MDC Brooklyn"). (*Id.* ¶ 51.) He informed the facility of his worsening vision, but instead of receiving treatment, Block was transferred three more times: to the Federal Detention Center in Oklahoma, then back to MDC Brooklyn en route back to FMC Devens, where he is now located. (*Id.* ¶¶ 57–62.)

Block finally received additional treatment a few months later, but it was allegedly too late to prevent irreversible vision damage. (*Id.* ¶¶ 68–69.) He currently reports type three kidney disease, hypertension, blindness in the right eye, and post-traumatic stress disorder from "all the pain and suffering." (*Id.* ¶ 70.)

## II.     PROCEDURAL HISTORY

Block filed his original complaint against various officials at FCI Sandstone and the United States alleging violations under the Eighth and Fourteenth Amendments pursuant to 42 U.S.C. § 1983, other statutes, and *Bivens*. (*See* Compl., Ex. 1, Jan. 17, 2023, Docket No. 1.) Then, with leave from the Court, Block amended his complaint to remove references to statutes that do not allow for private rights of action. (Am. Compl., Apr. 3, 2023, Docket No. 10.) Block later filed a separate action against the United States bringing an FTCA claim with supporting documentation showing that he

exhausted his administrative remedies. (Consol. Compl., Ex. A.) He also moved to consolidate his actions into a Consolidated Complaint, which the Court permitted. (Order at 4–5, Dec. 5, 2023, Docket No. 72.) The Defendants moved to dismiss all of Block's claims. (Mot. to Dismiss, Nov. 14, 2023, Docket No. 53.)

The Magistrate Judge recommended dismissing the constitutional claims but preserving Block's FTCA claim with leave to amend so that Block could make his FTCA claim more precise. (R. & R. at 12, 15.) The Defendants' object to allowing Block's FTCA claim to proceed. (Gov't's Obj., July 23, 2024, Docket No. 80.) Block objects to the recommended dismissal of his *Bivens* action. (Pl.'s Obj. at 2.)

## DISCUSSION

### I.     STANDARD OF REVIEW

After a magistrate judge files an R&R, a party may file "specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "The objections should specify the portions of the magistrate judge's report and recommendation to which objections are made and provide a basis for those objections." *Mayer v. Walvatne*, No. 07–1958, 2008 WL 4527774 at *2 (D. Minn. Sept. 28, 2008). For dispositive motions, the Court reviews de novo a "properly objected to" portion of an R&R. Fed. R. Civ. P. 72(b)(3). When reviewing a properly objected to portion of an R&R, the Court will review the case from the start, as if it is the first court to review and weigh in on the issues. *See Salve Regina Coll. v. Russell*, 499 U.S. 225, 238 (1991) ("When *de novo* review is compelled, no form of appellate deference is acceptable."). "Objections which are not specific but

merely repeat arguments presented to and considered by a magistrate judge are not entitled to de novo review, but rather are reviewed for clear error." *Montgomery v. Compass Airlines, LLC*, 98 F. Supp. 3d 1012, 1017 (D. Minn. 2015).

A document filed by a pro se litigant is to be liberally construed and must be held to a less stringent standard than formal pleadings drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  The Eighth Circuit liberally construes otherwise general pro se objections to R&Rs and requires de novo review of all alleged errors. *See Belk v. Purkett*, 15 F.3d 803, 815 (8th Cir. 1994).  However, "pro se litigants are not excused from failing to comply with substantive and procedural law." *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984).

**II.    ANALYSIS**

Both parties object to the Magistrate Judge's recommendations.  Block objects to the dismissal of his *Bivens* action, and the Defendants object to Block's FTCA claim. Neither party objects to the dismissal of Block's claim under § 1983 because none of the defendants are state actors.  Thus, the Court will dismiss the § 1983 claim but will evaluate de novo the *Bivens* action and FTCA claim.

**A.    *Bivens* Claim**

*Bivens* established that a victim of constitutional violations by a federal actor may recover damages against the actor in federal court even if no statutory cause of action exists. *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 397 (1971). In essence, *Bivens* recognizes implied causes of action under the Constitution,

though the Supreme Court has only formally recognized such an implied right for three types of claims: under the Fourth Amendment for unreasonable search and seizure, under the Fifth Amendment for sex discrimination, and under the Eighth Amendment for deliberate indifference to a serious medical condition. *See Bivens*, 403 U.S. at 389; *Davis v. Passman*, 442 U.S. 228, 244, 248–49 (1979); *Carlson v. Green*, 446 U.S. 14, 17–23 (1980).

Block asserts a claim of deliberate indifference, which is a recognized action under *Bivens*, but his use of the phrase "deliberate indifference" does not automatically save his claim from dismissal. Instead, the Court must evaluate whether the claim is distinguishable from recognized *Bivens* actions and, if so, whether there are "special factors counselling hesitation in the absence of affirmative action by Congress." *Ziglar v. Abbasi*, 582 U.S. 120, 136 (2017) (quoting *Carlson*, 446 U.S. at 18). The Supreme Court has held that any meaningful difference, even if small, would extend *Bivens* to a new context. *Ziglar*, 582 U.S. at 147 ("[E]ven a modest extension is still an extension.").

Block's *Bivens* action can be split into two categories: his claim that the conditions at FCI Sandstone are problematic and his claim that he did not receive prescribed eye care.[1] *Carlson* is the only analogous *Bivens* action. The inmate in *Carlson* suffered an acute asthma attack and ultimately died. 441 U.S. at 16. In *Carlson* the inmate waited eight hours for a physician evaluation, and in the meantime, a nurse tried to use a

---

[1] The Magistrate Judge focused only on the allegations regarding conditions of confinement, but in the interest of construing Block's Consolidated Complaint liberally, the Court will also evaluate his allegations that his eye care was denied or delayed.

nonfunctioning respirator, and then administered contraindicated medication. *Green v. Carlson*, 581 F.2d 669, 671 (7th Cir. 1978). Here, Block claims that overcrowding at FCI Sandstone led to exposure to COVID-19, which ultimately exacerbated his kidney disease and blindness. Claims involving concerns about the living conditions at a federal correctional institution, while problematic, differ significantly from the factual basis in *Carlson* and thus would constitute a "new context." *E.g.*, *Tate v. Harmon*, 54 F.4th 839, 846–47 (4th Cir. 2022) (finding a "conditions of confinement" claim to arise under a "new context" requiring an expansion of *Bivens*).

Block's allegations that he was denied prescribed eye treatment more closely resemble the facts under *Carlson*. 446 U.S. at 16. However, these allegations still stand apart from *Carlson*. Block never alleges that his medical condition required immediate, urgent treatment without which his life was endangered. Instead, Block asserts that healthcare was denied or delayed for an ongoing, non-fatal condition. Courts differ on whether factual differences comparable to those in this case constitute a context distinct from *Carlson*.[2] But because the Supreme Court's recent precedent strongly disfavors any,

---

[2] *Compare Washington v. Fed. Bureau of Prisons*, No. 5:16-3913, 2022 WL 3701577, at *5 (D.S.C. Aug. 26, 2022) (finding that a failure to timely treat glaucoma created a new context because of its factual differences from *Carlson*) *and Spivey v. Breckon*, No. 7:20-400, 2024 WL 1184445, at *7 (W.D. Va. Mar. 18, 2024) (collecting cases of different deliberate indifference contexts) *with Feao v. Ponce*, 696 F. Supp. 3d 887, 906–07 (C.D. Cal. 2023) (describing that denial of care resulting in the inmate's death was cognizable under *Carlson* and *Bivens*) *and Stanard v. Dy*, 88 F.4th 811, 817–18 (9th Cir. 2023) (determining that denial of treatment for life-threatening disease was not a new context).

even modest, extensions, and the new context analysis is broad even when the same constitutional provision of a recognized *Bivens* action is at issue, *Hernandez v. Mesa*, 589 U.S. 93, 101–03 (2020), the Court finds the factual differences significant enough to constitute a new context.

Because Block's allegations would require an extension of *Bivens* to a new context, the Court must next determine if anything counsels against that extension. *Ziglar*, 582 U.S. at 136. The Supreme Court's recent opinions on *Bivens* actions disfavor expansion of the doctrine. In addition, another factor disfavoring expansion is the availability of alternative remedies. *Id.* at 145. Here, Block also brings an FTCA claim, and although the Court will dismiss that claim, it will do so without prejudice and provide Block leave to amend. *Gater v. Carvajal*, No. 20-146, 2021 WL 868433, at *3 (E.D. Ark. Feb. 23, 2021). As such, the Court will decline to extend *Bivens* to Block's claim.

Even if Block's claim of delayed eye treatment could be brought under *Bivens*, it would still fail. Block does not allege that any specific defendants engaged in any particular conduct to deliberately delay his eye injections. Instead, he simply makes general accusations that his treatments were delayed even after he and his family members notified various medical personnel about his conditions and prescribed treatment. But again, the allegations are insufficient for Block's claim to proceed under *Bivens*. *Bailey v. Schmidt*, 239 F. App'x 306, 308 (8th Cir. 2007) (describing that general, conclusory allegations of deliberate indifference did not state a claim under *Bivens*).

**B.     FTCA Claim**

"The [FTCA] is a limited waiver of sovereign immunity, making the Federal Government liable to the same extent as a private party for certain torts of federal employees acting within the scope of their employment." *United States v. Orleans*, 425 U.S. 807, 813 (1976); see also 28 U.S.C. § 2674. The purpose of this waiver is "to compensate the victims of negligence in the conduct of governmental activities in circumstances like those in which a private person would be liable and not to leave just treatment to the caprice and legislative burden of individual private laws." *Bacon v. United States*, 810 F.2d 827, 828 (8th Cir. 1987) (quoting *Indian Towing Co. v. United States*, 350 U.S. 61, 68–69 (1955)). FTCA claims must be brought against the United States and require an exhaustion of administrative remedies. *Knowles v. United States*, 91 F.3d 1147, 1150 (8th Cir. 1996); *McNeil v. United States*, 508 U.S. 106, 112–13 (1993).

Block properly named the United States as a defendant in his FTCA claim and has exhausted his administrative remedies leaving only the question of whether he adequately pleaded his FTCA claim. FTCA claims must be based on the substantive law where the claims arose. 28 U.S.C. § 1346(b)(1).

Block makes allegations about actions taken in Minnesota, Massachusetts, New York, and Oklahoma but does not specify the substantive state law foundation for his FTCA claim. Block's Consolidated Complaint can be interpreted as bringing a claim based on negligence under Minnesota law but Block also alleges conduct in other jurisdictions. The Court will need clarification on the specific substantive law bases for his FTCA claim.

Thus, the Court will dismiss Block's FTCA claim without prejudice and grant Block leave to amend this claim. In doing so, the Court will also refer Block to the Pro Se Project for possible appointment of counsel.

The Defendants argue that because Block filed an identical complaint in Massachusetts, his claim arising out of conduct that occurred in Massachusetts should be dealt with in that jurisdiction. The Court is aware that Block has filed many other complaints, including two factually identical complaints in the District of Massachusetts.[3] Because there has not been any substantive resolution of the Massachusetts cases and there has been no motion to transfer jurisdiction to the District of Massachusetts, this Court will continue to hear the allegations in this case for now. All conduct giving rise to the FCTA claim appears to stem from the same common nucleus of facts. Since Block is now incarcerated at FMC Devens, it may be more appropriate to assume jurisdiction in Massachusetts, but in the absence of any motion, the Court will refrain from any judgment regarding jurisdiction and continue to handle the current case.

## CONCLUSION

Block seeks to redress worsened health conditions due to allegedly substandard prison conditions and a lack of adequate medical treatment pursuant to § 1983, *Bivens*, and the FTCA. Block did not bring claims against any state actors, so the Court will dismiss

---

[3] District of Massachusetts Civil Nos. 1:23-10141 and 1:23-12025, District of South Dakota Civil No. 5:23-05024.

his § 1983 claim with prejudice. Because Block's *Bivens* claim would require an extension of the extremely narrow *Bivens* doctrine and multiple factors counsel against such an extension, the Court will dismiss the *Bivens* claim with prejudice as well. The FTCA claim against the United States may be cognizable, though the claim requires further development. The Court disagrees with the R&R's recommendation to allow Block's FTCA claim to proceed. The proper procedural mechanism is to dismiss Block's FTCA claim without prejudice and grant leave to amend. As such, the Court will overrule Block's objection, sustain the Defendants' objection, adopting in part and rejecting in part the R&R. The Court will grant the motion to dismiss, dismissing the § 1983 and *Bivens* claims with prejudice and dismissing the FTCA claim without prejudice.[4] The Court will also grant Block leave to amend his FTCA claim and refer him to the Pro Se Project.

### ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Objection to the Report and Recommendation [Docket No. 83] is **SUSTAINED** as to the minor factual objection but otherwise **OVERULLED**;

2. Defendants' Objection to the Report and Recommendation [Docket No. 80] is **SUSTAINED**;

---

[4] Dismissal without prejudice means that Block may make the necessary changes to his Complaint, namely clarifying on which bases he brings his FTCA claim, and then refile.

3. The Report and Recommendation [Docket No. 79] is **ADOPTED in part and REJECTED in part** as follows:

    a. The Court adopts the dismissal of Plaintiff's claims under 42 U.S.C. § 1983 and *Bivens*;

    b. The Court rejects the continuance of Plaintiff's FTCA claim;

4. Defendants' Motion to Dismiss [Docket No. 53] is **GRANTED** as follows:

    a. Plaintiff's claims under 42 U.S.C. § 1983 and *Bivens* are **DISMISSED with prejudice**;

    b. Plaintiff's FTCA claim against the United States is **DISMISSED without prejudice**, and Plaintiff is granted leave to amend the FTCA claim;

5. Plaintiff is referred to the Pro Se Project for possible appointment of counsel; and

6. All Defendants except for the United States are dismissed.

DATED: September 30, 2024
at Minneapolis, Minnesota.

JOHN R. TUNHEIM
United States District Judge