UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Waylen Block, | Case No. 23-CV-0127 (JRT/JFD) |
| Plaintiff, | |
| v. | **ORDER** |
| J. Fikes, et al., | |
| Defendant. | |

This matter is before the Court on Plaintiff Waylen Block's Motion to Clarify the Deadline to File Amendment (Dkt. No. 89) and his Motion to Appoint Expert Medical Witness (Dkt. No. 84). Mr. Block brought this civil action under 42 U.S.C. § 1983, *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971), and the Federal Tort Claims Act ("FTCA") on January 17, 2023. (Am. Compl., Dkt. No. 10.) In this action, Mr. Block alleges that during the COVID-19 pandemic, he was subject to conditions at the Federal Corrections Institution in Sandstone, MN ("FCI Sandstone") that violated several of his constitutional rights. (*Id.* 10–11.) He alleges that the actions taken by officials at FCI Sandstone and other Board of Prisons personnel caused him several injuries, including contracting COVID-19, kidney disease, and other serious medical conditions, none of which were adequately cared for by the prison. On September 30, 2024, The Honorable John R. Tunheim, Senior Judge, District of Minnesota, dismissed Mr. Block's § 1983 and

*Bivens* claims with prejudice and his FTCA claim without prejudice. (Mem. and Order 2, Dkt. No. 86.)

There are currently two pending motions from Mr. Block in this case, a Motion to Clarify the Deadline to File Amendment (Dkt. No. 89), and a Motion to Appoint Expert Medical Witness (Dkt. No. 84). For the following reasons, Mr. Block's Motion to Clarify, which the Court treats as a Motion for an Extension, is granted, and his Motion to Appoint Expert is denied as moot and without prejudice.

Mr. Block's first motion, asking the Court to clarify the deadline for him to file an amended complaint that addresses the deficiencies in his FTCA claim identified by Judge Tunheim, is more appropriately addressed as a motion for an extension of time.[1] In his motion, Mr. Block states that he is in communication with a Minnesota-based Pro Se Project attorney who has been helping him draft an amended complaint, but because Mr. Block is currently incarcerated at Devens Federal Medical Center in Massachusetts, mail correspondence between the two has been significantly delayed. He has requested that the Court allow him until February 19, 2025 to file his amended complaint. The Court understands the challenges of sending and receiving mail while in custody and finds that it is in the interest of a just resolution of this matter that Mr. Block be given the time he needs to amend his complaint. His motion is granted.

---

[1] It is within the Court's discretion to recharacterize a pro se litigant's motion into the correct procedural vehicle because pro se litigants "should not unreasonably be subjected to stringent procedural niceties" *Spencer v. Haynes*, 774 F.3d 467, 471 (8th Cir. 2014) (quoting *Papantony v. Hedrick*, 215 F.3d 863, 865 (8th Cir. 2000)).

As of the date of this order, no claims remain active, pending Mr. Block's consultation with an attorney assigned through the Federal Bar Association's Pro Se Project, aimed at assisting Mr. Block in settling his case. Because his claims have all been dismissed, the Court finds that ruling on his motion for the appointment of an expert would be unhelpful at this time. Accordingly, that motion is denied as moot, but without prejudice. If Mr. Block is unable to resolve his claims, with or without the help of a Pro Se Project attorney, he may refile his motion, at which time, the Court will address the substance of the motion.

Accordingly, **IT IS HEREBY ORDERED** that**:**

1. Plaintiff Waylen Block's Motion for Extension of Time to File an Amended Complaint (Dkt. No. 89) is **GRANTED**;

2. Mr. Block's Motion to Appoint Expert Medical Witness (Dkt. No. 84) is **DENIED WITHOUT PREJUDICE**.

3. Mr. Block's Amended Complaint must be filed by February 19, 2025.

Date: February 10, 2025         *s/ John F. Docherty*
                                JOHN F. DOCHERTY
                                United States Magistrate Judge