UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| WAYLEN BLOCK, | |
| Plaintiff, | Civil No. 23-127 (JRT/JFD) |
| v. | |
| UNITED STATES OF AMERICA | **MEMORANDUM OPINION AND ORDER DENYING PLAINTIFF'S MOTION TO RECONSIDER AND GRANTING DEFENDANT'S MOTION TO DISMISS** |
| Defendant. | |

---

Waylen Block, Register Number 17028-273, Federal Medical Center Devens, P.O. Box 879, Ayer, MA 01432, *pro se* Plaintiff.

David W. Fuller, **UNITED STATES ATTORNEY'S OFFICE**, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415, for Defendant.

Plaintiff Waylen Block, who is currently incarcerated, filed a Complaint against various prison officials and the United States, alleging civil rights violations under 42 U.S.C. § 1983, *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), and the Federal Tort Claims Act ("FTCA"). The Court previously dismissed Block's claims but granted him leave to amend the FTCA claims. Block moved the Court to reconsider its dismissal order and filed an Amended Complaint reasserting the *Bivens* and FTCA claims. The United States, the only remaining defendant, filed a motion to dismiss Block's Amended Complaint for lack of jurisdiction. Because Block's motion to reconsider simply restates arguments previously rejected by the Court, the Court will deny Block's

motion to reconsider. Because the Court already dismissed the *Bivens* claims with prejudice and the discretionary function exception divests the Court of jurisdiction over the FTCA claims, the Court will grant the United States' motion to dismiss and dismiss Block's Amended Complaint with prejudice.

## BACKGROUND

### I.   FACTS

The Court's order on Defendants' first motion to dismiss explained in detail Block's factual allegations, which remain largely unchanged in his Amended Complaint. *Block v. Fikes*, No. 23-127, 2024 WL 4345567, at *1–2 (D. Minn. Sept. 30, 2024). So, the Court will only briefly summarize the factual background.

Block's factual allegations are limited to events during his placement at the Federal Correctional Institution in Sandstone, Minnesota ("FCI Sandstone"). Block alleges that he was placed in overcrowded living quarters during COVID-19 lockdown which resulted in a COVID-19 infection and related kidney failure. (Am. Compl. ¶¶ 8, 10–11, Feb. 4, 2025, Docket No. 90.) Block alleges that, due to his condition, he was brought to a local hospital and later transferred to a hospital in Duluth, Minnesota to begin dialysis treatment. (*Id.* ¶¶ 12–15.) When he was transferred back to FCI Sandstone, Block was allegedly placed in a special housing unit that was unaware of his medical condition and denied adequate meals for roughly twenty-four hours. (*Id.* ¶¶ 16–18.)

Block then describes that he was escorted to a dialysis center for treatment three times per week. (*Id.* ¶ 22.) During those medical escorts, Block alleges that all but once

he remained in black box restraints for the duration of his treatment. (*Id.* ¶¶ 22, 27.) Block contends that the regular use of black box restraints during his treatment resulted in high blood pressure, headaches, nausea, vomiting, anxiety, worsening vision, and heart strain. (*Id.* ¶¶ 23–24.) Block repeatedly requested removal of the black box restraints but claims those requests were always denied. (*Id.* ¶ 25.)

Block has since been transferred to the Federal Medical Center in Devens, Massachusetts. (*Id.* ¶ 28.)

## II.   PROCEDURAL HISTORY

Block alleged constitutional violations and FTCA claims against various officials at FCI Sandstone and the United States. *Block*, 2024 WL 4345567, at *2. The Defendants filed a motion to dismiss all of Block's claims, which the Court granted. *Id.* at *2, 6. The Court dismissed all Defendants except the United States and dismissed Block's § 1983 and *Bivens* claims with prejudice. *Id.* at *6. But the Court found that Block's FTCA claims may have merit if properly clarified, so the Court dismissed those claims without prejudice and granted Block leave to amend his Complaint. *Id.* at *4–6.

Block filed a motion to reconsider the Court's order and filed an Amended Complaint. (Mot. Recons., Oct. 29, 2024, Docket No. 88; Am. Compl.) In his Amended Complaint, Block also requested that the Court consider his Amended Complaint as a "consolidated amended Bivins [sic] and Carlson under 42 U.S.C. § 1985(3)." (Am. Compl. at 1.) Block also filed a renewed motion to appoint counsel and a medical expert. (Mot. for Appointment of Counsel/Medical Expert Witness, June 24, 2025, Docket No. 113.)

The United States moves to dismiss all claims. (Mot. Dismiss, Apr. 7, 2025, Docket No. 97.)

**DISCUSSION**

I. **MOTION TO RECONSIDER**

Block asks the Court to reconsider the dismissal of his *Bivens* claims with prejudice. He claims that the Court erred when it described the black box restraints as "wrist restraints." Block seemingly argues that had the Court described the restraints properly as "black box restraints," his *Bivens* claims would have survived. The Court declines to reconsider the dismissal of the *Bivens* claims for several reasons.

A party must first obtain permission from the Court before filing a motion to reconsider. D. Minn. LR 7.1(j). Block did not request leave to file a motion to reconsider, so that is an independent reason to deny his motion. Nevertheless, the Court will liberally construe his pro se filing as a request for leave to file a motion to reconsider. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Motions to reconsider are meant "to correct manifest errors of law or fact or to present newly discovered evidence." *Hagerman v. Yukon Energy Corp.*, 839 F.2d 407, 414 (8th Cir. 1988) (quoting *Rothwell Cotton Co. v. Rosenthal & Co.*, 827 F.2d 246, 251 (7th Cir.), *as amended*, 835 F.2d 710 (7th Cir. 1987)). Such motions should not be employed to relitigate old issues but rather to "afford an opportunity for relief in extraordinary circumstances." *Dale & Selby Superette & Deli v. U.S. Dep't of Agric.*, 838 F. Supp. 1346,

1348 (D. Minn. 1993). Requests to file a motion to reconsider are granted only upon a showing of "compelling circumstances." D. Minn. LR 7.1(j).

Block did not demonstrate any compelling circumstances that would warrant reconsideration of the Court's dismissal of his *Bivens* claims. His motion simply reasserts arguments already considered, and rejected, by the Court.

Furthermore, even had the Court used the term "black box restraints" instead of "wrist restraints," the *Bivens* claims would fare no better. Block's allegations that he was placed in black box restraints for the duration of his dialysis treatments which resulted in increased blood pressure and exacerbation of his eye condition are factually distinct from those in *Carlson v. Green*, 446 U.S. 14 (1980). The inmate in *Carlson* suffered an acute asthma attack and ultimately died. *Id.* at 16. He waited eight hours for a physician evaluation while a nurse tried to use a nonfunctioning respirator and then administered contraindicated medication. *Green v. Carlson*, 581 F.2d 669, 671 (7th Cir. 1978).

In contrast, Block alleges that the use of black box restraints elevated his blood pressure, induced vomiting, worsened his eye condition, and made him uncomfortable. However, Block received medication to combat the vomiting, and FCI Sandstone acknowledged his eye concerns but reported that the kidney issues were more severe and needed to be dealt with first. (Consol. Compl., Ex. B ¶¶ 27, 31, Sept. 18, 2023, Docket No. 73.) The Court does not doubt that Block's dialysis treatments were made more difficult by the use of black box restraints. But the factual circumstances are sufficiently

distinct from those in *Carlson* such that the Court will not extend *Bivens* to Block's claims. *Ziglar v. Abassi*, 582 U.S. 120, 136 (2017) (describing that any extension of *Bivens*, even if small, would be an extension). Accordingly, the Court will deny Block's motion to reconsider.

## II. MOTION TO DISMISS

The Court granted Block leave to amend his Complaint to clarify the bases for his FTCA claims. Though difficult to determine, Block appears to assert several torts under Minnesota law, including assault, intentional infliction of emotional distress, and medical malpractice from the use of black box restraints during his dialysis treatment. The United States argues that the Court lacks jurisdiction over Block's FTCA claims, and that he fails to state a claim for relief.

In reviewing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1), the Court must examine whether it has authority to decide the claims. *Damon v. Groteboer*, 937 F. Supp. 2d 1048, 1063 (D. Minn. 2013). The party seeking to invoke a federal court's subject matter jurisdiction bears the burden of showing that the court has jurisdiction. *Schubert v. Auto Owners Ins. Co.*, 649 F.3d 817, 822 (8th Cir. 2011). The Court must dismiss an action if it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3).

"The [FTCA] is a limited waiver of sovereign immunity, making the Federal Government liable to the same extent as a private party for certain torts of federal employees acting within the scope of their employment." *United States v. Orleans*, 425

U.S. 807, 813 (1976); see also 28 U.S.C. § 2674. The purpose of this waiver is "to compensate the victims of negligence in the conduct of governmental activities in circumstances like those in which a private person would be liable and not to leave just treatment to the caprice and legislative burden of individual private laws." *Bacon v. United States*, 810 F.2d 827, 828 (8th Cir. 1987) (quoting *Indian Towing Co. v. United States*, 350 U.S. 61, 68–69 (1955)). FTCA claims must be brought against the United States and require an exhaustion of administrative remedies.[1] *Knowles v. United States*, 91 F.3d 1147, 1150 (8th Cir. 1996); *McNeil v. United States*, 508 U.S. 106, 112–13 (1993).

This waiver of sovereign immunity is narrowed by several exceptions, including the discretionary function exception. 28 U.S.C. § 2680(a). Under the discretionary function exception, FTCA claims may not proceed if "based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused." *Demery v. U.S. Dep't of Interior*, 357 F.3d 830, 832 (8th Cir. 2004) (quoting 28 U.S.C. § 2680(a)). If the discretionary function exception applies, "it is a jurisdictional bar to suit." *Walters v. United States*, 474 F.3d 1137, 1139 (8th Cir. 2007).

---

[1] There appears to be some dispute about whether Block exhausted his administrative remedies. (Pl.'s Mem. Opp'n Def.'s Mot. Dismiss at 8–9, June 2, 2025, Docket No. 108; Def.'s Reply at 4, July 16, 2025, Docket No. 114.) Because the Court determines that it lacks jurisdiction under the discretionary function exception to FTCA's waiver of sovereign immunity, the Court need not resolve the exhaustion dispute.

Courts apply a two-step analysis to determine if the discretionary function exception applies: (1) whether the conduct is "truly discretionary" and (2) if so, whether the discretionary decision was "based on considerations of social, economic, and political policy." *Herden v. United States*, 726 F.3d 1042, 1046–47 (8th Cir. 2013) (en banc) (citations omitted).

Block concedes that FCI Sandstone officials exercised discretion in applying the black box restraints, describing the conduct as "the malicious and sadistic abuse of discretion in applying Black Box restraints on Mr. Block." (Pl.'s Mem. Opp'n Def.'s Mot. Dismiss at 13, June 2, 2025, Docket No. 108.)  That acknowledgement comports with Bureau of Prison ("BOP") policy as well. *See* 28 C.F.R. § 570.44 ("Restraints may be applied to an inmate going on an escorted trip, after considering the purpose of the escorted trip and the degree of supervision required by the inmate.").  A BOP Program Statement clarifies the minimum restraints that must be used on an escorted trip—handcuffs with martin chains—and allows escorting officers to use addition restraints in their discretion. (Decl. of Ronald Warlick ("Warlick Decl.") ¶ 9, Ex. C at 12–13, Apr. 7, 2025, Docket No. 99.)

Block argues that because the BOP Program Statement requires black box restraints for maximum security inmates, FCI Sandstone officials had no basis to use black box restraints on him as a low security inmate.  However, Block misreads the BOP Program Statement.  The BOP Program Statement mandates the minimum necessary restraints based on security level but explicitly allows escorting officials to use their discretion in

increasing those restraints as necessary. Accordingly, when the FCI Sandstone escorting officials applied, or chose not to apply, black box restraints to Block, they were exercising discretion.

Because the decision was truly discretionary, the Court then must determine if the discretionary decision could be grounded in public policy. *Willis v. Boyd*, 993 F.3d 545, 548 (8th Cir. 2021).[2] The Court must only determine if the decision is "susceptible to policy analysis," not whether the decision maker actually engaged in policy balancing. *Herden*, 726 F.3d at 1047. A decision is "susceptible to a policy analysis when it requires a federal employee to balance competing policy interests." *Willis*, 993 F.3d at 550.

As demonstrated by Ronald Warlick's declaration, the adequateness of restraints for an inmate during an escorted trip necessarily requires the consideration of increased infringement on an inmate's personal liberty against the safety and security of the public. (Warlick Decl. ¶¶ 13–16.) Accordingly, the discretionary decisions at issue in this case were susceptible to policy analysis.

---

[2] The Eighth Circuit has not specifically adopted—but strongly hinted at its approval of—a modified test where a truly discretionary decision is presumed to be based in policy, and the plaintiff must rebut that presumption. *Hart v. United States*, 630 F.3d 1085, 1089 n.3 (8th Cir. 2011). But because the discretionary decisions here could clearly be grounded in policy, the Court need not resolve the scope of Block's burden.

Because the discretionary function exception applies to the FCI Sandstone officials' decision to use black box restraints during escorted medical trips, the Court lacks jurisdiction to consider Block's FTCA claims.[3]

## CONCLUSION

Waylen Block alleges that officials at FCI Sandstone illegally employed the use of black box restraints during Block's approved medical escorts and dialysis treatment. The Court dismissed Block's *Bivens* claims with prejudice because they would extend the context of *Bivens*, and the Court declines to revisit that decision. The Court also will dismiss Block's amended FTCA claims because it lacks jurisdiction under the discretionary function exception. As Block has filed several amended complaints already, the Court determines that any future amendments would be futile and thus will dismiss Block's most recent Amended Complaint with prejudice. The Court will deny Block's motion to reconsider, grant the United States' motion to dismiss, and deny Block's motion to appoint counsel and a medical expert witness as moot.

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Motion to Reconsider [Docket No. 88] is **DENIED**.

---

[3] Because Block's *Bivens* claims were previously dismissed with prejudice and the Court declines to reconsider that ruling, any *Bivens* claims in Block's Amended Complaint were not considered in evaluating the United States' motion to dismiss the Amended Complaint.

2. Defendant's Motion to Dismiss [Docket No. 97] is **GRANTED**.

3. Plaintiff's Amended Complaint [Docket No. 90] is **DISMISSED with prejudice**.

4. Plaintiff's Motion (Renewed) for Appointment of Counsel, Motion (Renewed) to Appoint Medical Expert Witness [Docket No. 113] is **DENIED as moot**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: August 4, 2025
at Minneapolis, Minnesota.

JOHN R. TUNHEIM
United States District Judge